Opinion of tbp Court, by
Judge Owsujv.
ON the 25th of March, 1 818, Chambers sold and conveyed to Waterfield, a parcel of ground, in the town of Louisville, for the consideration of fifteen hundred dollars, and at the.same time received it;om Waterfield a conveyance of the land in trust, to secure the payment of two notes, part of the consideration. One of. these, notes, was for three hundred and seventy-five dollars, payable the 25th of September, 18-18, and the other wasfprsix hundred and seventy-five dollars, payable the. 25th March, 1819; and by the terms of the trust conveyance, Chambers was authorized to sell and convey the land, or so much thereof as might be necessary to pay whatever part of the two notes might be unpaid and in ar-\ rear at the respective times of payment.
The first of these notes w-as assigned by Chambers to Hinkle, and by Hinkle to M’Clanahan, Field & Co.
Suit was brought upon this note by M’Clanahan,, Field & Co. against Waterfichj; but owing to his insolvency, the amount thereof could not be made. By an agreement betvveen M’Clanahan, Field & Co. and Hin-kle, an action was afterwards brought in the name of the latter, fop the use and benefit of the former, against Chambers, upon his assignment’of the note; but owing to (he laches of M’Cl-maban, Field & Co. in not pros-', ecuting the suit upon the, note against Waterfield with due diligence, the suit against Chambers was decided in his favor.
Previous, however, to this, Chambers had-.qxposed to sale the land conveyed to-him in trust by Waterfield, and procured the same to be purchased at the inadequate price of three hundred and seventy-tip ven dollars, by a certain Isaac Stewart, for his (Chambers’) benefit. A, conveyance of the land was afterwards made by Chambers to Sleivart, and the same was again re-conyeycd by Stewart to Chambers.
In this state of case, M’Clanahan, Field & Co. exhibited their bill in equity, for the purpose of subjecting the land conveyed in trust to Chambers, to the sa,f~ *44 isfaction of the three hundred and seventy-five dollar note, or to obtain payment thereof from Chambers.
•ilainrtSüient áLgnee of a note, in an rainst the assignor, on the assignment, vñh*3art0a signer,tosub-ject estate which had edTo theas-" signor, lose-curethe payment‘
(2) The a»-signmontofa note gives tho lien on estate conveyed in cine thVa merit, which onnnot bo f° vrí ^ • prosecuting111 an action at 3aw; fur none is necessary,
(3) A sa'®-by a trustee to another, for the trustee,0^ is,ineffect’, an attempt to self which' he cannot do; and the ”°oonve<e'!tS by the osfen-íiíble parcha-ser to the trustee, he still holds in trust.
*44 On a final hearing, the.court below pronounced a decree dismissing the bill with costs. From that decree,. M’Cianahan, Field & Co. appealed.
Wc'donol concur with the court below in the opin-i°n that M’Clanahan, Field & Co. have shown no right to be relieved in a court of equity,
(1) in coming to this conclusion, we have considered decision in favor of Chambers in the action which was brought against him at law, upon his assignment,, deserving no influence. That decision ought, perhaps, he considered decisive against the personal .liability Qf Chambers, upon his assignment to Hinkle. The suit in which it was rendered, though commenced in the name of Hinkle, was prosecuted for the benefit of M’Clanahan, Field &Co.; and it would be incompetent for a court of equity to relieve them from its' legal ef-feet, unless under extraordinary circumstances, which are not shown to exist in the present case.
But admitting that, as assignor, Chambers is absohv gd from liability, as was decided in the action at law, it ^ noi thence follow, that M’Clanahan, Field & Co, nave not shown themselves entitled to relict.
(2) The note which was assigned by Chambers upon Waterfield, is still unpaid; and though by' failing to u,e due diligence in prosecuting suit against Waterfield, recourse which might have been otherwise bad ^^rist Chamber5, upon his assignment, may be lost, i^’Clanahan, Field & Co. must, we apprehend, be ad~ milted to retain unequitable lien upon the land which was conveyed by Waterfield to Chambers, in trust for the pjijment of the note, Through the different assignments made upon the note, they unquestionably acquired such a lien; and it is impossible to discern, how any lack of diligence in prosecuting the suit against Waterfield, can preclude them from asserting it in a court of equity. Nosuitat law against Waterfield, was necessary to authorize M’Clanahan, Field &, Co. to as. serf ^611' *'eil *n efiu*tn and no negRct io. suing can prejudice their right.
(3) Nor are we of opinion, their right has been, in any ^e~ree> 'mpaired by the sale which was made of the 'an(i Chambers. Though at that sale, Stewart was the ostensible purchaser, as he made the purchase for *45 the benefit of'Chambers, the effect of the sale must be the same ns if Chambers had been both seller and purchaser; and the doctrine is well settled, that by no contract for the trust estate, can a trustee prejudice the rights of the cestui que trust. It is, m fact, incompatible with the nature of the trust, that Chambers should have purchased, and in equity", he must he considered as still holding the land in his character of trustee.
(4) The proceeds of es- - tute conveyed, in trust to secure the payment of several notes, some of which are af-terwards assigned, are to be divided be tween the parties in proportion to the amount o'f the notes.
Crittenden, for appellants; Bibb, for appellees.
(4) Instead, therefore, of dismissing the bill, the court should have decreed the land to be sold, or so much thereof as might be necessary" to pay the two notes for which the land was conveyed in trust; and in case a sum equal to both debts shpuld not be obtained for the land, the proceeds of sale should be divided between M’Clan-ahan, Field & Co. and Chambers, in proportion to the amount of their respective debts.
The decree must be reversed with costs, the cause remanded to the court below, and such orders and decrees there made, as may not be inconsistent with this ©pinion.